IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JUSTIN ANTHONY SHUTES                                                                    PLAINTIFF

v.                             Civil No. 1:14-cv-01036

JAILER KEVIN PENDLETON;
STEVE FAULKNER; and
KENNETH FRAZIER                                                                          DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed *pro se* by the Plaintiff, Justin Anthony Shutes, pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Arkansas Department of Correction – East Arkansas Unit in Marianna, Arkansas. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Defendants' Motion for Summary Judgment. ECF No. 24. I held a hearing on September 7, 2016, at which time I heard Plaintiff's sworn testimony via video conference in response to the Motion for Summary Judgment. After careful consideration, I enter the following Report and Recommendation.

**BACKGROUND**

Plaintiff filed his Complaint on June 23, 2014. ECF No. 1. The Plaintiff's claims relate to incidents that occurred during the time he was incarcerated in the Union County Detention Center ("UCDC"). In his Complaint, Plaintiff names Kevin Pendleton, Steven Faulkner and Kenneth

Frazier as Defendants. Plaintiff's Complaint is not clear as to whether he sued Defendants in their official capacity, individual capacity or both. Plaintiff alleges his constitutional rights were violated when Defendants tampered with his outgoing mail. ECF No. 1. Defendants filed a Motion for Summary Judgment on August 15, 2016. ECF No. 24. In this Motion Defendants deny they tampered with Plaintiff's mail and they argue there has been no conduct resulting in a violation of Plaintiff's constitutional rights.

## SUMMARY JUDGMENT RECORD

Counsel for Defendants waived appearance at the hearing. Defendants submitted the following exhibits for the Court's consideration: (1) May 20, 2014 Grievance (ECF No. 25-1); (2) Inmate Mail History (ECF No. 25-2); (3) Plaintiff's Extra Sheet (ECF No. 25-3); Affidavit of Kevin Pendleton (ECF No. 25-4); and (5) Union County Detention Center Mail Policy (ECF 25-6). Plaintiff appeared via video conference. He did not submit any exhibits.[1] I asked Plaintiff to provide a sworn statement detailing how he believes his constitutional rights were violated in response to Defendant's Motion for Summary Judgment. Below is a summary of his sworn testimony:

Plaintiff claims on May 16, 2014 he gave correction officer Defendant Frazier two sealed envelopes to be placed in the outgoing mail. One was addressed to 111 N. Madison and the other to P.O. Box 56. Plaintiff alleges Defendant Frazier took the mail to the booth where Defendant Pendleton changed the addresses to P.O. Box 912 and P.O. Box 431 and left the letters to be logged by the next shift. Plaintiff stated Defendant Faulkner and other staff members were aware of the

---

[1] The Court gave Plaintiff two weeks from the date of the hearing to submit any exhibits for the Court to consider. To date, the Court has not received any exhibits from Plaintiff.

tampering. However, Plaintiff acknowledged he did not see Defendant Pendelton tamper with his mail and the two letters sent out on May 16, 2014 were never returned to Plaintiff as undelivered.

Plaintiff also claims on May 20, 2014 to have sent another sealed envelope to 111 N. Madison - the address for the local newspaper. Plaintiff stated the envelope contained a police report he wanted to send to the newspaper to inform them of issues he was having with the UCDC. Plaintiff asserts the UCDC stamped it, opened it, held it and wrote return to sender on the envelope. Plaintiff believes Defendant Faulkner was responsible for this because it had green ink on it used by Defendant Faulkner. Plaintiff also alleges he attempted to mail another police report to the El Dorado Police Department on May 23, 2014 and it was tampered with as well.

Plaintiff stated he could not say for sure who changed the addresses. He also stated he requested a mail log from Defendants and was provided with a print off with various addresses Plaintiff where he had sent mail. Plaintiff stated the addresses were different than what he initially wrote on the letters. Other than the three dates in May of 2014, Plaintiff acknowledged he was able to send letters out as often as he wanted while he was incarcerated in the UCDC. Plaintiff is requesting damages in the amount of $50,000. He claims he suffers from paranoid schizophrenia and he felt he was being held captive and could not reach out to the outside world because his mail was not delivered in May of 2014.

**LEGAL STANDARD**

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a

3

reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995). The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).

The Court must view all evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendants acted under color of state law and that they violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).

Under section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a defendant in both his individual and his official capacities. *Gorman v. Bartch,* 152 F.3d 907, 914 (8th Cir. 1998). With respect to the official capacity claims, they are "functionally equivalent to a suit against the employing governmental

reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995). The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).

The Court must view all evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendants acted under color of state law and that they violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).

Under section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a defendant in both his individual and his official capacities. *Gorman v. Bartch,* 152 F.3d 907, 914 (8th Cir. 1998). With respect to the official capacity claims, they are "functionally equivalent to a suit against the employing governmental

entity." *Veatch v. Bartels Lutheran Home,* 627 F.3d 1254, 1257 (8th Cir. 2010). In other words, Plaintiff's official capacity claims against Defendants here are treated as claims against Union County. *See Murray v. Lene,* 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish Union County's liability under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted).

No evidence has been presented of any unconstitutional policy or custom of the UCDC that contributed in any way to Plaintiff's claim that his mail was tampered with by Defendants. Accordingly, Plaintiff's claims against Defendants in their official capacities fail.

Inmates have a First Amendment right of free speech to send and receive mail. *Hudson v. Palmer*, 468 U.S. 517, 547 (1984). "The fact of confinement and the needs of the penal institution impose limitations on constitutional rights, including those derived from the First Amendment." *Jones v. North Carolina Prisoners' Union*, 433 U.S. 119, 125 (1977). Restrictions on this First Amendment right are valid "only if [they are] reasonably related to legitimate penological interests." *Turner v. Safely*, 482 U.S. 78, 89 (1987). Isolated instances of outgoing mail not arriving at its destination are insufficient to state a constitutional claim. *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (Plaintiff must show regular and unjustifiable interference--an isolated incident of mail tampering is usually insufficient to establish a constitutional violation).

During the hearing Plaintiff stated there were three incidents where he believes his mail was not delivered to the intended recipients due to tampering by Defendants. However, Plaintiff

has not provided any evidence to support his allegations. He did not witness any Defendant changing the addresses on the envelopes and at least two of the items were never returned to Plaintiff as being undeliverable. Other than the three incidents in May of 2014, Plaintiff stated he was able to send and receive mail as often as he wanted during his incarceration in the UCDC. Even if Plaintiff could support his allegations of tampering, isolated incidents of outgoing mail not arriving at its destination are insufficient to state a constitutional claim. *Id.* at 351. Accordingly, Plaintiff's claims fail as a matter of law.

## CONCLUSION

For the foregoing reasons, I recommend Defendants' Motion for Summary Judgment (ECF No. 24) be **GRANTED.** **A**ll claims against Defendants Kevin Pendleton, Steve Faulkner and Kenneth Frazier should be dismissed with prejudice.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**Dated this 11th day of October 2016.**

                                            /s/    Barry A. Bryant
                                            HON. BARRY A. BRYANT
                                            UNITED STATES MAGISTRATE JUDGE